Minute Order Form (06/97)

JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 50497 | DATE | 6/14/2004 |
| CASE TITLE | META/BALANCE, INC. vs. HEALTH VENTURES PARTNERS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, Health Ventures' motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) is granted.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | 6-15-04 date docketed | |
| | Notified counsel by telephone. | | 23 |
| | Docketing to mail notices. | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | |
| ✓ | Copy to judge/magistrate judge. | 6-14-04 date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Meta/Balance, Inc. ("Metabalance") filed a Complaint for Declaratory Judgment of Non-infringement to determine whether Metabalance's use of the mark "NATURE'S LABEL" infringes on Health Ventures Partners' ("Health Ventures") trademark, "NATURE'S CODE." Health Ventures does not manufacture or sell products with the "NATURE'S CODE" mark affixed to them; rather, it licenses use of the mark to QVC, Inc. ("QVC") which in turn sells products with the mark affixed to them nationwide. Health Ventures is a partnership duly organized and existing under the laws of the Commonwealth of Pennsylvania. The Health Ventures partnership is composed of Taub-Oliphant Life, L.L.C., a Delaware limited liability company, and QHealth, a Delaware corporation; the percentages of composition are 49% and 51%, respectively, giving QHealth a majority/controlling share of Health Ventures. Health Ventures' predecessor-in-interest, QVC, which is also the parent entity of QHealth, filed the mark "NATURE'S CODE" for registration under The Lanham Act. The United States Patent and Trademark Office granted the federal trademark registration to QVC for vitamins and nutritional supplements as Certificate of Registration 2,177,582. This court has subject matter jurisdiction under 28 U.S.C. §1331. Dispute arises, however, as to whether this court has personal jurisdiction over Health Ventures. Health Ventures denies the existence of personal jurisdiction, moving to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2).

Plaintiffs have the burden of establishing personal jurisdiction. Smith v. Gottlieb, No. 02-C-50192, 2002 WL 1919171 (N.D.Ill. Aug. 19, 2002) (Reinhard, J.) To be found subject to personal jurisdiction by a court, due process requires that "the maintenance of the suit not offend traditional notions of fair play and substantial justice." International Shoe Co. v. State of Washington, et al., 326 U.S. 310, 316 (1945). Personal jurisdiction exists in Illinois when it is "fair, just and reasonable to require a nonresident defendant to defend in Illinois considering the quality and nature of defendant's actions occurring in Illinois or affecting interests in Illinois." Smith, 2002 WL 1919171 at *1. (Citing RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1277 (7th Cir. 1997)). The standard may be met if the court finds general jurisdiction to exist, stringently requiring a defendant to have "continuous and systematic" general business contacts with the forum state. RAR, Inc., 107 F.3d at 1277. When a finding of general jurisdiction cannot be sustained, the defendant may still be subject to personal jurisdiction if specific jurisdiction is found to exist. Id. at 1276. Specific jurisdiction is said to exist when a defendant has "purposefully established minimum contacts within the forum state." Id. Criteria for determining whether a court's jurisdiction over an out-of-state defendant meets the minimum contacts requirement of specific jurisdiction includes whether "the defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum state," Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985), giving the forum state a significant interest in adjudicating the suit in this forum. Worldtronics Int'l, Inc. v. Ever Splendor Enterprise Co., 969 F.Supp. 1136, 1142 (E.D.Ill.1997). The purposeful availment requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts . . . or of the 'unilateral activity of another party or a third person.'" Burger King Corp., 471 U.S. at 475. Metabalance has not asserted that the court has personal jurisdiction over Health Ventures by way of general jurisdiction, resting its argument on specific jurisdiction instead.

It is uncontroverted that Health Ventures did not sell or create a product in the state of Illinois, it instead licensed its trademark to QVC which in turn engaged in Illinois commerce via its sales and distribution mechanisms. Health Ventures' reliance on Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355 (Fed. Cir. 1998), is persuasive. In Red Wing Shoe Co. a patent owner licensed its intellectual property to licensees, retaining little or no control over their use of the patent, making it impractical and unfair to hold the patent owner subject to the jurisdiction of a court located in a state it had no contacts in besides unsupervised commercial use by a licensee. Health Ventures, which is similarly situated to the patent owner in Red Wing Shoe Co., also licensed its intellectual property while retaining little or no control over how it was used by QVC. This point is particularly noteworthy because Health Ventures is in no position to regulate QVC's use as Health Ventures stands in a corporate position that is subordinate to QVC's in the organizational hierarchy.

Metabalance's reliance on Akeva L.L.C. v. Mizuno Corp., 199 F.Supp.2d 336 (M.D.N.C. 2002), is misplaced. Metabalance uses the case to distinguish Red Wing Shoe Co. by arguing that Health Ventures issued its licence with exclusivity to QVC and is therefore bound to the jurisdiction of a state the licensee operates in. However, this distinction is not significant. In Akeva a foreign corporation created a subsidiary in the United States as a method of entering the U.S. market, granting the subsidiary an exclusive license to manufacture and sell products using the licensor's intellectual property. Akeva, L.L.C., 199 F.Supp.2d at 338. Health Ventures, on the other hand, did not create QVC; QVC is not a subsidiary of Health Ventures. Health Ventures has no control over the operations of QVC. Health Ventures' lack of control over QVC makes it more like the patent owner in Red Wing Shoe Co. than the parent corporation in Akeva. Consequently, Health Ventures is not subject to suit in every jurisdiction that QVC operates in simply because it licensed its trademark to QVC. See also Purdue Research Found. v. Sanofi-Synthelabo, S.A., 206 F.Supp.2d 958 (N.D.Ind.2002) aff'd 338 F.3d 773 (7th Cir. 2003).

Furthermore, requiring Health Ventures to submit to this court's jurisdiction is not in line with the notion of fairness articulated in RAR, Inc., "jurisdiction is to be asserted only when it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." RAR, Inc., 107 F.3d at 1276. Applying this to the facts at hand, since Health Ventures' acts did not occur in Illinois, nor did its licensing agreement with QVC, when taken by itself, affect interests in Illinois, it is not fair, just, or reasonable to require it to defend against an action in Illinois. Because Health Ventures has not acted in Illinois or affected Illinois interests, it has not purposefully availed itself of the privilege of conducting activities within Illinois. Burger King Corp., 471 U.S. at 475. As a result, Illinois does not have a significant interest in adjudicating the suit in this forum. Worldtronics Int'l, Inc., 969 F.Supp. at 1142.

A finding of no personal jurisdiction is further in line with the intent of the "purposeful availment" provision in Burger King Corp., "that a defendant not be haled into a jurisdiction solely as a result of 'random,'...contacts...or of the 'unilateral activity of another party or a third person.'" Burger King Corp., 471 U.S. at 475. The activity that took Health Ventures' trademark to Illinois via the vehicle of commerce was the unilateral act of a third party, QVC.

With regard to the letter(s) Health Ventures sent to Metabalance, demanding that it stop from allegedly infringing on its trademark, letters alleging infringement generally do not satisfy the due process requirements that would permit a finding of personal jurisdiction against the sender of the letters. See Boston Chicken v. Market Bar-B-Que, 922 F.Supp. 96, 99 (E.D.Ill.1996). Consequently, Metabalance cannot rely on cease and desist letters from Health Ventures to assert this court's jurisdiction over Health Ventures.

For the foregoing reasons, Health Ventures' motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) is granted.